# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE BOYD, | ) |
| Plaintiff, | ) 2:19-cv-1622 |
| vs. | ) Chief Magistrate Judge Cynthia Reed Eddy |
| ACHA-TRUMAN TOWERS MANAGEMENT OFFICE, | ) Judge J. Nicholas Ranjan |
| Defendant. | ) |

## MEMORANDUM ORDER
## ADOPTING REPORT AND RECOMMENDATION [ECF 7]

Plaintiff Joanne Boyd filed this *pro se* lawsuit to appeal an arbitration award and state-court judgment entered in favor of her landlord for nonpayment of rent. Ms. Boyd complains that her rights were violated during the arbitration hearing. Specifically, Ms. Boyd complains that the arbitration panel "decided the case 'unfairly,'" miscalculated her back rent, and disregarded evidence presented to it. [ECF 6-1, at 7-8]. Chief Magistrate Judge Eddy correctly concluded, however, that this Court lacks subject matter jurisdiction "to hear appeals from the Court of Common Pleas of Allegheny County which concern a judgment for unpaid rent in a landlord-tenant dispute." [ECF 7, at 4]. Accordingly, this Court will adopt Chief Magistrate Judge Eddy's well-reasoned Report and Recommendation and dismiss Ms. Boyd's amended complaint with prejudice.

## BACKGROUND

Ms. Boyd started this case by filing a motion for leave to proceed in forma pauperis and a proposed complaint. [ECF 1]. The case was then referred to Chief Magistrate Judge Eddy for pretrial proceedings in accordance with the

Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court for Magistrate Judges.

In her "Statement of Case," Ms. Boyd alleges that her "rights were…violated during [the arbitration hearing]" conducted by the Allegheny County Court of Common Pleas. [ECF 6-1, at 7]. That arbitration hearing took place to resolve the case brought by the Allegheny County Housing Authority against Ms. Boyd to collect $978.00 in unpaid rent. Ms. Boyd requests $900,750,000 in damages.

Chief Magistrate Judge Eddy granted Ms. Boyd *in forma pauperis* status. By doing so, she had to review Ms. Boyd's complaint and dismiss it if she determined that the action was frivolous or malicious, failed to state a claim on which relief may be granted, or sought monetary relief against a defendant who is immune from that relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Following her review, on February 10, 2020, Chief Magistrate Judge Eddy issued her Report and Recommendation [ECF 7], recommending that this Court dismiss Ms. Boyd's complaint because of a lack of subject matter jurisdiction. Chief Magistrate Judge Eddy recommended that the dismissal be with prejudice since granting Ms. Boyd leave to amend her pleading would be futile. Ms. Boyd had until February 27, 2020 to file objections to the Report and Recommendation. To date, Ms. Boyd has filed no objections.

## STANDARD OF REVIEW

When a party fails to file timely objections, this Court has found that the appropriate scope of review is the "deferential standard of 'plain error.'" *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citation omitted), *aff'd*, 276 F. App'x 125 (3d Cir. 2008).

Under the plain-error standard, a court should only reject a magistrate judge's report and recommendation where there is an error that: (1) is "clear

or obvious"; (2) affected "substantial rights"; and (3) "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) (cleaned up). Reversal for plain error "should only be invoked with extreme caution in the civil context." *Fashauer v. N.J. Transit Rail Operations, Inc.*, 57 F.3d 1269, 1289 (3d Cir. 1995) (citation omitted). In fact, "plain error review is so disadvantageous to the losing party that magistrate judges" are advised to caution litigants that a failure to timely file objections "*will* waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (cleaned up).

## **DISCUSSION & ANALYSIS**

Chief Magistrate Judge Eddy did not commit plain error, or any error, when she held that "[t]his court does not have jurisdiction to hear appeals from the Court of Common Pleas of Allegheny County which concern a judgment for unpaid rent in a landlord-tenant dispute." [ECF 7, at 4] (citing *Malhan v. Sec. U.S. Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) and *Hous. Auth. of City of Bayonne v. Hanna*, No. 08-5988, 2009 WL 1312605, at *3 (D.N.J. May 11, 2009)).

The reason this Court lacks jurisdiction is that the *Rooker-Feldman* doctrine applies. The *Rooker-Feldman* doctrine provides that "[w]hen a plaintiff seeks to litigate a claim in a federal court, the existence of a state court judgment in another case bars the federal proceeding ... when entertaining the federal court claim would be the equivalent of an appellate review of that order." *Phillips v. James*, No. 09-1474, 2010 WL 2723212, at *4 (W.D. Pa. July 8, 2010) (citing *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). Put simply, the "*Rooker-Feldman* doctrine precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *Id.* (citations omitted).

Here, the state-court judgment Ms. Boyd refers to in her pleading "predate[s] the filing of this action—thereby implicating the applicability of the *Rooker-Feldman* doctrine." *Id.* at *5. And Ms. Boyd "cannot prevail on [her] federal claims unless this [C]ourt finds that the state court[] wrongly decided the state court decision[] [Ms. Boyd] seeks to nullify." *Id.* (citations omitted). Under these circumstances, this Court "is divested of subject-matter jurisdiction" and must dismiss the case. *Id.*; *see also Newby v. City of Duquesne*, No 07-0437, 2007 WL 2908626, at *3 (W.D. Pa. Oct. 3, 2007) (holding that a federal case challenging an Allegheny County arbitration award "presents the classic case for application of *Rooker-Feldman*, namely, the state court loser tries to circumvent the adverse decision in state court by morphing it into a federal court action"). Ms. Boyd's proper recourse was to file an appeal in state court or pursue other state-court remedies.

As Chief Magistrate Judge Eddy stated, this dismissal must be with prejudice because any amendment would be futile. Ms. Boyd cannot fix her claims to correct the jurisdictional defect. *See Newby*, 2007 WL 2908626, at *4 ("Because this Court does not have jurisdiction over plaintiff's claims against the Toboz and Schademan Defendants, the Court will dismiss said claims with prejudice.").

## CONCLUSION

After reviewing the pleadings and documents filed in this case and Chief Magistrate Judge Eddy's Report and Recommendation, the Court enters the following order:

**AND NOW**, this 19th day of March, 2020:

**IT IS HEREBY ORDERED** that the Report and Recommendation [ECF 7] is **ADOPTED** as the Opinion of the Court along with this

Memorandum Order. Ms. Boyd's Complaint [ECF 6] is **DISMISSED** with prejudice. The Clerk of Court is **ORDERED** to mark this case **CLOSED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge